FILED

FEB - 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIVYA MAHIDA, YASHRAJ MAHIDA and PRITHVIRAJ MAHIDA, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, an agency of the United States government, and PAUL M. PIERRE, Acting Director of United States Citizenship and Immigration Services' Nebraska Service Center, <br><br> Defendant | Civil Action No.: <br><br> COMPLAINT <br><br> CASE NUMBER   1:06CV00185 <br> JUDGE: Colleen Kollar-Kotelly <br> DECK TYPE: Administrative Agency Rev. <br> DATE STAMP: 02/■/2006 |

COMPLAINT

1. This is an action brought pursuant to section 10b of the Administrative Procedures Act, 5 U.S.C § 702, seeking review of a decision of the Acting Director of the Nebraska Service Center ("NSC") of the United States Citizenship and Immigration Services dated March 22, 2005,

COMPLAINT - 1

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI 48098
(248) 524-1936
michael@piston.net

1. denying the plaintiffs application to extend their nonimmigrant status as H-4 dependents of an H-1B worker under 8 U.S.C. 1101(a)(15)(H)(i)(B).

2. The defendant, United States Citizenship and Immigration Services (the "USCIS"), is an agency of the United States government residing in the District of Columbia and the defendant, Paul M. Pierre, the Acting Director of the United States Citizenship and Immigration Services' Nebraska Service Center, is an official of the United States government.

3. The plaintiffs, DIVYA MAHIDA, YASHRAJ MAHIDA AND PRITHVIRAJ MAHIDA (the "Mahidas") are citizens of India and residents of the State of Michigan.

4. DIVYA MAHIDA is the wife, and YASHRAJ MAHIDA and PRITHVIRAJ MAHIDA are the minor unmarried children of Yogendrasinh Mahida.

5. Yogendrasinh Mahida is a citizen of India who is currently in the United States as an H-1B nonimmigrant worker with a stay authorized to April 18, 2008.

## JURISDICTION

6. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., and the Administrative Procedures Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this court by 28 U.S.C. § 1331, as well as 28 U.S.C. § 1346(a)(2).

## VENUE

7. Pursuant to 28 U.S.C. § 1391(e), venue is proper in the District of Colombia, the residence of defendant.

COMPLAINT - 2

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI 48098
(248) 524-1936
michael@piston.net

8. On April 11, 2002, Yogendrasinh Mahida was admitted to the United States as a specialty occupation worker (H-1B nonimmigrant) pursuant to 8 U.S.C. §1001 (a)(15)(H)(i)(B) and was issued an arrival-departure record (form I-94) authorizing him to remain in the United States until October 20, 2003.

9. On the same date Divya Mahida was admitted to the United States as the spouse of a specialty occupation worker (H-4) and Yashraj and Prithviraj Mahida were admitted to the United States as the minor children of a specialty occupation worker (H-4).

10. In approximately June, 2003, Mr. Yogendrasinh Mahida made a decision to join Metco Land S.E.A. Corporation as soon as he could be legally authorized to do so.

11. Metco Land S.E.A. Corporation ("Metco Land") was owned by Yogendrasinh Mahida's uncle, Vijaysinh Mahida.

12. Yogendrasinh Mahida discussed his immigration status with Vijaysinh Mahida and emphasized to him that it was extremely important that both he and his family maintain a legal immigration status at all times.

13. Vijaysinh Mahida assured his nephew that Metco would take all appropriate actions, including retaining legal counsel, to ensure that Yogendrasinh Mahida and his family at all times would maintain a legal status in the United States at all time.

14. Divya, Yashraj, and Prithviraj Mahida had no real understanding of the U.S. immigration process and were entirely dependent upon Yogendrasinh Mahida to assure that they maintained a lawful status in the United States.

15. Despite having assured Yogendrasinh Mahida that he would take all steps necessary to ensure that his family maintained a legal status, Vijaysinh in fact took no action at all to extend the immigration status of Yogendrasinh Mahida's family, even failing to inform Metco Land's legal counsel that Yogendrasinh Mahida had a family.

COMPLAINT - 3

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI 48098
(248) 524-1936
michael@piston.net

16. On September 11, 2002, Yogendrasinh Mahida's H-1B status was extended until July 10, 2005.

17. However, since no application for extension of stay was filed for Divya, Yashraj, and Prithviraj Mahida, the expiration of their status in the United States continued to be October 20, 2003.

18. The failure of the USCIS to extend his wife and children's H-4 status did not concern Mr. Yogendrasinh Mahida because he was assured by his uncle that the extension of his H-1B status had the effect of automatically extending the status of his wife and children as well.

19. In approximately June, 2005, Metco Land approached the law offices of Michael E. Piston P.C. ("Piston") regarding extending Yogendrasinh Mahida's H-1B status again.

20. At that time, Piston inquired as to the immigration status of Yogendrasinh Mahida's wife and children and, upon learning that their forms I-94 expired on October 20, 2003, informed Yogendrasinh Mahida that his wife and children were not in a legal immigration status.

21. When Yogendrasinh Mahida informed his wife and children shortly thereafter that they were not in a legal immigration status, it was the first time that they learned of this fact.

22. On approximately June 14, 2005, Divya, Yashraj, and Prithviraj Mahida applied to the NSC Director of the USCIS to extend their H-4 status.

23. In that application, Divya, Yashraj, and Prithviraj Mahida pointed out that the failure of Yogendrasinh Mahida and his employer to take action to extend their nonimmigrant status, and their reasonable reliance upon Yogendrasinh Mahida's assurances that they were in a legal status, constituted extraordinary circumstances beyond their control sufficient to excuse their failure to apply for a timely extension of their nonimmigrant status.

24. On September 12, 2005, Divya, Yashraj, and Prithviraj Mahida's applications to extend their H-4 status were denied by the NSC Director on the grounds they were untimely.

25. The NSC Director commented in his decision that:

COMPLAINT - 4

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI 48098
(248) 524-1936
michael@piston.net

"Prior to your admittance to the United States *both* you and your dependents were required to obtain a United States visa. Additionally, at the time of your admission *both* you and your dependents received an individual Form 1-94 (Arrival/Departure Record). When your principal alien received an extension of his stay a Form 1-797 Approval Notice was issued for him. At that time, or shortly thereafter, you should have been made aware that you had not received an approval notice issued in your name and that *both* you and your principal alien would have received individual Form 1-797 Approval Notices. The Service concludes, therefore, you have not demonstrated that the delay in submitting this request for an extension of stay was due to extraordinary circumstances beyond your control.

"In addition, the ultimate responsibility for timely filing of an application rest with the applicant. Reliance upon, and failure of, a third party to timely file the application do not constitute circumstances beyond the control of the applicant."

26. On October 13, 2005 Divya, Yashraj, and Prithviraj Mahida filed a motion to reopen the denials of their applications for extension of stay, on the grounds that their reasonable reliance upon Yogendrasinh Mahida's assurances that they were in a legal immigration status equitably tolled the time for them to file an application for extension stay, until a reasonable time after they learned the falsity of those assurances.

27. On December 20, 2005, the NSC Director granted Divya, Yashraj, and Prithviraj Mahida's motion to reopen the denials of their applications for extension of stay, but reaffirmed his decision denying their applications.

## COUNT I

28. Under the system for extension of nonimmigrant status created by the defendant, the United States Citizenship and Immigration Services, the employer, or prospective employer, of an H-1B nonimmigrant has complete control over his ability to apply for an extension of stay.

29. An application for extension of H-1B status can only be filed on a form I-129 which must be signed by an authorized representative of the employer or the prospective employer and cannot be signed by the prospective nonimmigrant worker himself.

COMPLAINT - 5

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI 48098
(248) 524-1936
michael@piston.net

30. Further, while it is theoretically possible for the wife and minor children of an H-1B nonimmigrant to file their own application for extension of stay independent of the form I-129 filed by the employer, in practice this is highly impracticable and inadvisable.

31. In order to apply for an extension of one's dependent H-4 status, a dependent must demonstrate that the principal nonimmigrant has, or is simultaneously applying for, H-1B status up to the date to which the H-4 extension of status is sought.

32. Since, in most cases, the H-1B worker will not yet have been granted an extension of stay at the time the H-4 nonimmigrant files for his/her extension of stay (but, rather, they both seek to extend their stay together) therefore it is a nearly universal practice in the immigration field for an I-539 to extend H-4 status to be filed simultaneously in the same package, by mail or courier, with the form I-129 for the principal nonimmigrant.

33. Thus, as a practical matter the employer has control over the timing of the filing of the form I-539 by the nonimmigrant's dependents every bit as much as the I-129 by the principal nonimmigrant himself.

34. While it is theoretically possible for an H-4 dependent to file his/her own form I-539 separate and independent of the H-1B worker, in most instances what this would require would be to wait until the form I-129 was filed upon behalf of the H-1B worker, the employer received back from the U.S.C.I.S. a fee receipt for the filing of the extension of stay by the H-1B nonimmigrant and then for the H-4 dependent to indicate that fee receipt number on the form I-539.

35. This is impracticable however not only because it still renders the H-4 dependent upon the employer to inform the dependent of the fee receipt number for the H-1B nonimmigrant when it is received, but, also, it necessarily requires that the filing of the form I-539 follow the filing of the form I-129 by several weeks (to allow time for the I-129 to be filed and for a receipt to be

COMPLAINT - 6

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI 48098
(248) 524-1936
michael@piston.net

received from the employer and the employer to inform the dependent of the receipt number) during which time the H-4 dependent's status could easily expire.

36. Consequently, because of the system established by the U.S.C.I.S. which gives complete control to the employer over applications for extension of H-1B nonimmigrant status and de facto control to the employer over the H-4 dependent's filing of nonimmigrant status, the U.S.C.I.S. has vested de facto responsibility for the filing of applications for extension of H-4 dependents stay with the employer.

37. The U.S.C.I.S. therefore erred as a matter of law in this case where it held that "reliance upon, and failure of, third party to timely file the application do not constitute circumstances beyond the control of the applicant" where the U.S.C.I.S. has, by its own actions, effectively made H-4 nonimmigrants dependent upon the H-1B nonimmigrant's employer to file their application for extension of stay.

38. Further, the U.S.C.I.S. also erred when it held that merely because the H-4 dependents receive separate forms I-94 when they entered the United States therefore they should have, as a matter of law, been aware that they were to receive separate I-94s upon the approval of their H4 status and that the extension of Mr. Mahida's H-1B status did not automatically extend their own.

39. In fact, there are several common situations in which the extension of the principal nonimmigrant's status will automatically extend that of his dependents without the issuance to the dependents of new form I-94.

40. For example, the issuance of a new form DS-2019 to a J-1 nonimmigrant has the effect of automatically extending the legal status of his/her J-2 dependent even though no new form I-94, or, often, any document at all, is issued to the J-2 dependent.

41. Finally, since an H-1B nonimmigrant does not sign his own application for extension of stay (form I-129), therefore it is reasonable for a H-4 dependent without previous exposure to the

COMPLAINT - 7

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI 48098
(248) 524-1936
michael@piston.net

U.S. immigration system to assume that she is not required to sign her own application for extension of stay either.

41. Accordingly, the NSC Director's decision denying the plaintiffs applications for extension of stay was an abuse of discretion, arbitrary and capricious and not in accordance with the law, and so should be vacated.

## COUNT II

42. The plaintiffs here adopt by reference the above averments of this Complaint.

43. The requirement that application for extension of stay should be filed prior to the expiration of a nonimmigrant's lawful status in the United States is, in effect, a statute of limitations.

44. As such it is subject to amelioration for all the grounds traditionally associated with the amelioration of statutes of limitation including, but not limited to, equitable tolling.

45. As set forth above, the plaintiffs failed to learn that their nonimmigrant status had not been automatically extended by the extension of Yogendrasinh Mahida's H-1B status was due to no fault of their own.

46. Further, plaintiffs showed due diligence under the circumstances in relying upon the assurances of Yogendrasinh Mahida that they were in a legal nonimmigrant status.

47. Immigration filing deadlines have been found to be equitably tolled as a result of misinformation which noncitizens have received from attorneys or persons holding themselves out as attorneys.

48. Within the context of their cultural background, the plaintiffs were as much entitled to rely upon the representations by Yogendrasinh Mahida, Divya Mahida's husband, and Yashraj Mahida and Prithviraj Mahida's father, as a client is entitled to rely upon the representations of his attorney.

COMPLAINT - 8

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI 48098
(248) 524-1936
michael@piston.net

49. Accordingly, the plaintiffs reliance upon Yogendrasinh Mahida's assurances that they were in a legal immigration status equitably tolled the time for them to file an application for extension of stay until a reasonable time after they learned that they were not in a legal status.

50. Therefore the plaintiffs' application for extension of stay of June 14, 2005 should be deemed timely.

### REQUEST FOR RELIEF

It is respectfully requested that the Court reverse the decision of the United States Citizenship and Immigration Services denying the plaintiffs' applications for extension of stay and order that their nonimmigrant status in the United States be extended to April 18, 2008.

Dated this 30th day of January, 2006

Michael E. Piston
Michael E. Piston, P.C.

4000 Livernois Ste 110
Troy, MI 48098
Phone: 248-524-1936
Fax: 248-928-0340
e-mail: michael@piston.net

COMPLAINT - 9

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI 48098
(248) 524-1936
michael@piston.net