UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIVYA MAHIDA, et. al.                                        )
                                                            )
                        Plaintiffs,                         )
                                                            )
            v.                                              ) Electronic Case Filing
                                                            ) Civil Action No. 06-0185 (CKK)
                                                            )
                                                            )
UNITED STATES CITIZENSHIP AND                               )
IMMIGRATION SERVICES, et al.,                               )
                                                            )
                        Defendants.                         )
_____)

## MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Defendant, Paul M. Pierre, Director of the Nebraska Service Center, United States

Customs and Immigration Services,[1] ("USCIS" or the "Agency") through and by undersigned

counsel, hereby submit this Motion To Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), or in the

alternative for Summary Judgment, pursuant to Fed. R. Civ. P. 56.

Plaintiffs filed for an extension of their non-immigrant visas nearly two years out of time.

The request was denied by the USCIS.  Plaintiffs now seek the reversal of the Agency's

discretionary decision.  For reasons provided in the attached supporting memorandum, this Court

lacks jurisdiction over such claims and therefore must dismiss the Plaintiffs' first Amended

Complaint ("Compl.).  In the alternative, the Court should grant summary judgment in favor of

the Agency because there is no genuine issue of material fact in dispute and USCIS did not

violate the Administrative Procedures Act ("APA') when it denied Plaintiffs' application to

---

[1]Plaintiffs name Mr. Paul M. Pierre, the Acting Director of the Nebraska Service Center, in the caption.  However, a review of the relief requested (Compl. p. 9) indicates that Mr. Pierre has been named in his official capacity only, as there is no request for any relief against him in his personal capacity.

extend their nonimmigrant visa.  In support of this motion, the Defendant respectfully refers the

Court to the Statement of Material Facts Not in Dispute, and the Memorandum of Points and

Authorities in Support, attached hereto.

Respectfully submitted,

/s/

Dated: July 17, 2006.

_____

KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____/s/_____

RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney


_____/s/_____

MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
Tel: (202) 305-4851
(202) 514-8780 (facsimile)


*Of Counsel:*
Elizabeth Posont, Esq.
Service Center Counsel
Nebraska Service Center
P.O. Box 82521
Lincoln, NE 68501

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIVYA MAHIDA, et. al.                        )
                                             )
                    Plaintiffs,              )
                                             )
          vi.                                ) Electronic Case Filing
                                             ) 06-cv-0185 (CKK)
                                             )
                                             )
UNITED STATES CITIZENSHIP AND                )
IMMIGRATION SERVICES, et al.,  )
                                             )
                    Defendants.              )
_____)

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

1. Plaintiff Divya Mahida is native and citizen of India.  Administrative Record ("A.R.")

at 1.[2]  Plaintiff's husband, Yogendrasinh Mahida ("Mr. Y. Mahida"), was the beneficiary of an H-

1B nonimmigrant worker visa petition (Form I-129) filed on his behalf on July 12, 2001, by a

U.S. company called BL, and approved on or about December 14, 2001.  AR at 21, 27.

2.  The American Consulate in Mumbai, India issued the H-1B visa and placed the visa

into Mr. Y. Mahida's passport for travel to the United States.  A.R. at 27.

3.  The H-1B visa petition initial approval period may be valid for a period of up to three

years but may not exceed the temporal validity period of the labor condition application.  8

C.F.R. 214.2(h)(9)(iii)(A)(1).  Mr. Y. Mahida's initial visa petition approval was valid until

October 20, 2003.  A.R. at 27.

---

[2] Pursuant to Fed. R. Civ. P. 5(d), an unredacted copy of the record is hereby served on Plaintiffs'
attorney at the time of filing.  In order to protect Plaintiffs' private information, pursuant to
LCvR 5.4(f), an appropriately redacted version of the administrative record will be filed with the
Court tomorrow, July 18, 2007.

4.   By regulation, there is a separate nonimmigrant visa category called H-4 which permits the spouse or child of an H-1 nonimmigrant worker to accompany or follow-to-join the worker to the United States, subject to the same period of admission and limitations as the worker.  8 C.F.R. 214.2(h)(9)(iv).

5.   The Form I-129 visa petition, filed on Mr. Y. Mahida's behalf by the company BL was approved in December 2001 and was valid until October 20, 2003.

6.   On February 25, 2002, Plaintiff and her two minor children applied for and were granted H-4 nonimmigrant visas by the Department of State (American Consulate) in Mumbai, India.  A.R. at 14, 15, and 17.

7.   The Plaintiff and her children were photographed and had an H-4 visa placed in their respective passports.  Id.  The H-4 visas were valid for admission to the United States until October 20, 2003.  Id.  Each visa referred specifically to Mr. Y. Mahida as the "PA" or principal applicant, and referenced the visa petition filed on Mr. Y. Mahida's behalf by the petitioning company, BL.  Id.

8.   The family was admitted to the United States on April 11, 2002, at New York City. A.R. at 5-9.

9.   At the time of inspection and admission to the United States at the airport, each alien was given Form I-94, Admission and Departure Record, which is a white recipe-card-style document about the same size as a passport.  Id.  Mr. Y. Mahida's I-94 was stamped to reflect that he was being admitted to the United States as an H-1B nonimmigrant, authorized to remain until October 20, 2003.  A.R. at 8-9.

10.   Plaintiff and her children were issued I-94s reflecting their status as H-4 nonimmigrants, also authorized to remain in the United States until October 20, 2003.  A.R. at 5-

4

7.  Each I-94 bears the warning "[y]ou are authorized to stay in the U.S. only until the date written on this form.  To remain past this date, without permission from immigration authorities, is a violation of the law."  Id.

11.  At the time of admission to the United States, every nonimmigrant alien must agree to depart the United States at the expiration of his or her authorized period of admission or extension of stay.  8 C.F.R. 214.1(a)(3)(ii).

12.  After his initial April 11, 2002 admission to the United States to work for BL until October 20, 2003, Mr. Y. Mahida's uncle's company, Metco Land S.E.A. Corporation, filed an I-129, Petition for Nonimmigrant Worker on his behalf.  A.R. at 26.  This visa petition, approved on or about September 11, 2002, permitted Mr. Y. Mahida to change employers and to work for Metco Land S.E.A. Corporation as an H-1B worker until July 10, 2005.  A.R. at 26.  This Form I-129 petition was filed by a former associate at one of Plaintiffs' counsel's firms, TransNational Legal Services, PC.  A.R. at 26.

13.  Metco Land S.E.A. Corporation filed a second Form I-129 on behalf of Mr. Y. Mahida on June 20, 2005, which was approved on or about September 1, 2005, with a validity period until April 11, 2008.  April 11, 2008, is six years from the date of Mr. Y. Mahida's initial H-1B admission.  A.R. at 8-9.

14.  On June 20, 2005, when the second I-129 was filed by Metco Land S.E.A. Corporation to extend Mr. Y. Mahida's H-1B status, Plaintiffs' counsel also filed an untimely Form I-539, Application to Extend Nonimmigrant Status, on Ms. Mahida's and the children's behalf.  A.R. at 1.

15.  Ms. Mahida did not file a timely Form I-539 to extend her and her children's nonimmigrant H-4 authorized period of admission to the United States before that status expired,

as indicated on Form I-94, on October 20, 2003.  Ms. Mahida claims that she left the matter of

her immigration status up to her husband.  A.R. at 19.

Respectfully submitted,

/s/

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney


_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
Tel: (202) 305-4851
(202) 514-8780 (facsimile)


*Of Counsel:*
Elizabeth Posont, Esq.
Service Center Counsel
Nebraska Service Center
P.O. Box 82521
Lincoln, NE 68501

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIVYA MAHIDA, et. al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Electronic Case Filing |
| | ) Civil Action No. 06-0185 (CKK) |
| | ) |
| | ) |
| UNITED STATES CITIZENSHIP AND | ) |
| IMMIGRATION SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Plaintiff Divya Mahida ("Plaintiff") is the mother of the minor Plaintiffs Yashraj and

Prithviraj Mahida. Plaintiffs' untimely Form I-539, Application to Extend Nonimmigrant Status,

was denied by Defendant United States Citizenship and Immigration Services ("USCIS" or the

"Agency") on September 1, 2005. Plaintiffs ask the Court to hold the Agency action unlawful

and to set its decision to deny the application aside.

Defendant moves to dismiss the complaint for lack of subject matter jurisdiction,

pursuant to Fed. R. Civ. P. 12(b)(1) and 8 U.S.C. 1252(a)(2)(B)(ii), or in the alternative, for

summary judgment under Fed. R. Civ. P. 56(c) and 5 U.S.C. 706(2).

## FACTUAL BACKGROUND

Plaintiff is a 36-year-old native and citizen of India. Administrative Record ("A.R.") at 1. Plaintiff's husband, Yogendrasinh Mahida ("Mr. Y. Mahida"), was the beneficiary of an H-1B nonimmigrant worker (engineer) visa petition (Form I-129) filed on his behalf on July 12, 2001, by a U.S. company called BL, and approved on or about December 14, 2001. AR at 21, 27. When an alien is abroad and qualifies for admission to the United States in a particular nonimmigrant category, the alien gets the appropriate visa from the Department of State. 8 U.S.C. 1104. Because Mr. Y. Mahida was still in India when the nonimmigrant worker visa petition was approved, the approval notice was forwarded to the American Consulate in Mumbai, India, for issuance of the H-1B visa and placement of such visa into Mr. Y. Mahida's passport for travel to the United States. A.R. at 27.

Nonimmigrant visas, generally, are for temporary admission to the United States in categories such as "visitor," "student," or "temporary worker," as opposed to immigrant visas ("green cards") which permit holders to reside and work in the United States indefinitely. See 8 U.S.C. 1101(a)(15). The H-1B category is for a worker in a "specialty occupation," which requires attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States. 8 U.S.C. 1101(a)(15)(H)(i)(B1); 8 U.S.C. 1184(i)(3). In order to hire an H-1B nonimmigrant alien worker, the company must file a labor condition application showing, essentially, that the alien employee would not be displacing a U.S. worker and that the wage and working conditions offered to the alien are commensurate with those that would be offered to a U.S. worker. 8 U.S.C. 1182(n).

By statute, with certain exceptions not applicable here, there is a 6-year limit on the amount of time an alien is permitted to spend in the United States in "temporary worker" H-1B

status.  8 U.S.C. 1184(g)(4).  After residing and being physically present outside the United

States for one year, a "6-year limit" H-1B worker may again have a new I-129 visa petition

approved on his or her behalf, assuming that labor condition requirements are met and that there

are numbers available under the H-1B cap for that fiscal year.  8 C.F.R. 214.2(h)(13)(iii)(A).

The H-1B visa petition initial approval period may be valid for a period of up to three years but

may not exceed the temporal validity period of the labor condition application.  8 C.F.R.

214.2(h)(9)(iii)(A)(1).  Mr. Y. Mahida's initial visa petition approval was valid until October 20,

2003.  A.R. at 27.

By regulation, there is a separate nonimmigrant visa category called H-4 which permits

the spouse or child of an H-1 nonimmigrant worker to accompany or follow-to-join the worker to

the United States, subject to the same period of admission and limitations as the worker.  8

C.F.R. 214.2(h)(9)(iv).[3]  Any H-4 nonimmigrant inside the United States who wishes to extend

his or her H-4 status when it is about to expire must do so by filing Form I-539, Application to

Extend Nonimmigrant Status, with USCIS.  8 C.F.R. 214.1(c)(2).  See also "How Do I Extend

My Stay in the United States?" at http://www.uscis.gov/graphics/howdoi/extendstay.htm ("How

Do My Spouse and Child Apply to Extend Their Stay in the United States? If your employer

files USCIS Form I-129 (Petition for Alien Worker) for you, then your spouse and child must

carefully read and complete USCIS Form I-539 (Application to Extend/Change Nonimmigrant

Status) and submit any required supporting documents to extend their stay.  It is best to submit

both forms at the same time.").

---

[3] Spouses and children of H nonimmigrant workers may also seek admission to the United States
as B-2 nonimmigrant visitors, if they wish.  See 9 Foreign Affairs Manual (U.S. Department of
State) 41.31 N14.4.  B-2 admissions to the United States, however, are limited to one year
maximum, with incremental extensions of up to 6 months at a time possible.  8 C.F.R.

The company BL filed a Form I-129 visa petition on Mr. Y. Mahida's behalf.  The petition was approved in December 2001 and was valid until October 20, 2003.  On February 25, 2002, Plaintiff and her two minor children applied for and were granted H-4 nonimmigrant visas by the Department of State through the American consulate in Mumbai, India.  A.R. at 14, 15, and 17.  Each individual was photographed and had an H-4 visa placed in his or her respective passport.  Id.  The H-4 visas were valid for admission to the United States until October 20, 2003.  Id.  Each visa referred specifically to Mr. Y. Mahida as the "PA" or principal applicant, and referenced the visa petition filed on Mr. Y. Mahida's behalf by the petitioning company, BL.  Id.

Presumably, Mr. Y. Mahida was issued his H-1B visa at or about the same time, because the entire family was admitted to the United States on April 11, 2002, at New York City.  A.R. at 5-9.  At the time of inspection and admission to the United States at the airport, each alien was given Form I-94, Admission and Departure Record, which is a white recipe-card-style document about the same size as a passport.  Id.  Mr. Y. Mahida's I-94 was stamped to reflect that he was being admitted to the United States as an H-1B nonimmigrant, authorized to remain until October 20, 2003.  A.R. at 8-9.  Plaintiff and her children were issued I-94s reflecting their status as H-4 nonimmigrants, also authorized to remain in the United States until October 20, 2003.  A.R. at 5-7.  Each I-94 bears the warning "[y]ou are authorized to stay in the U.S. only until the date written on this form.  To remain past this date, without permission from immigration authorities, is a violation of the law."  Id.  At the time of admission to the United States, every nonimmigrant alien must agree to depart the United States at the expiration of his or her authorized period of admission or extension of stay.  8 C.F.R. 214.1(a)(3)(ii).

214.2(b)(1).

In order to hire an H-1B employee who is already working in the United States for a different employer, or to extend the status of a currently employed H-1B worker whose status is about to expire, the employer must file a new Form I-129, Petition for Nonimmigrant Worker.  8 C.F.R. 214.2(h)(2)(i)(D) and 214.2(h)(14).  After his initial April 11, 2002, admission to the United States to work for BL until October 20, 2003, Mr. Y. Mahida's uncle's company, Metco Land S.E.A. Corporation, filed an I-129, Petition for Nonimmigrant Worker on his behalf.  A.R. at 26.  This visa petition, approved on or about September 11, 2002, permitted Mr. Y. Mahida to change employers and to work for Metco Land S.E.A. Corporation as an H-1B worker until July 10, 2005.  A.R. at 26.  This Form I-129 visa petition was filed by a former associate at one of Plaintiff's counsel's firms, TransNational Legal Services, PC.  A.R. at 26.  Although it is not part of the administrative record, Defendants concede that Metco Land S.E.A. Corporation filed a second Form I-129 on behalf of Mr. Y. Mahida on June 20, 2005, which was approved on or about September 1, 2005, with a validity period until April 11, 2008.  April 11, 2008, is six years from the date of Mr. Y. Mahida's initial H-1B admission.  A.R. at 8-9.  With limited exceptions not present here, the total period of stay for an H-1B may not exceed 6 years.  8 U.S.C. 1184(g)(4); 8 C.F.R. 214.2(h)(15)(ii)(B)(1).

Unfortunately, Mrs. Mahida did not file a timely Form I-539 to extend her and her children's nonimmigrant H-4 authorized period of admission to the United States before that status expired on October 20, 2003, as indicated on Form I-94.  Plaintiff claims that she left the matter of her immigration status up to her husband.  A.R. at 19.  Plaintiff's husband, Mr. Y. Mahida, claims that he left the matter of processing Plaintiff and the children's immigration status in his uncle's hands.  A.R. at 21.  The uncle claims that he did not mention the wife and children to Mr. Piston's associate because it did not occur to him that they would later require

11

separate extensions of stay in addition to the change of employer and extension of stay granted to Mr. Y. Mahida based on the Form I-129 that the uncle's company filed on his behalf in July 2002.  A.R. at 23.

On June 20, 2005, when the second I-129 was filed by Metco Land S.E.A. Corporation to extend Mr. Y. Mahida's H-1B status, Plaintiff's counsel also filed an untimely Form I-539, Application to Extend Nonimmigrant Status, on her and the children's behalf.  A.R. at 1.  An extension of nonimmigrant stay may not be approved, however, where such status expired before the application to extend status was filed, except that failure to file before the period of previously authorized status expired may be excused in the discretion of the USCIS where it is demonstrated that the delay was due to "extraordinary circumstances beyond the control of the applicant" and USCIS "finds the delay commensurate with the circumstances."  8 C.F.R. 214.1(c)(4).

USCIS denied Plaintiff's Form I-539 on September 12, 2005, noting that it was over 600 days late, and finding that Plaintiff's misplaced reliance upon her husband's uncle to take care of her immigration status did not constitute an extraordinary circumstance beyond Plaintiff's control.  A.R. at 30-31.  USCIS noted that Plaintiff was given a Form I-94 at the time of her admission showing that her authorized period of stay as an H-4 nonimmigrant expired on October 20, 2003, and that after her husband received documentation in his name regarding his extension of stay as an H-1B worker, Plaintiff should have been aware that she needed documentary evidence in her own name referencing a similar extension of her H-4 status.  A.R. at 31.

On October 13, 2005, Plaintiff filed a motion to reopen and reconsider the denial of her untimely Form I-539.  A.R. at 32-41.  With the motion, Plaintiff provided new evidence in the

form of a letter from an Indian national who is a professor of economics at Oakland University in

Rochester, Michigan.  A.R. at 39-40.  The professor explained that in his experience, a wife in

the Indian culture is subservient to her husband, and like a child would to a parent, the wife

would naturally leave her legal interests such as immigration status, up to her husband without

question.  A.R. at 39-40.  USCIS reopened the matter to consider the new evidence, and on

December 20, 2005, reaffirmed the previous denial of the Form I-539, Application to Extend

Nonimmigrant Status.  A.R. at 42-43.  USCIS noted that the ultimate responsibility for timely

filing of the application rested with Plaintiff, and that her reliance upon anyone else to perform

this task for her was not a circumstance beyond her control.  A.R. at 42.  USCIS noted that

Plaintiff could have contacted the Agency in a timely manner to verify her status and file the

appropriate application.  Id.  The Plaintiff then filed the instant Complaint to seek review of the

Agency's decision to deny her untimely request for extension of nonimmigrant status.

## **LEGAL ARGUMENT**

### I.    **Standard of Review**

### A.  **12(b)(1) Lack of Jurisdiction**

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Court

must construe the complaint broadly and accept all of plaintiff's factual allegations as true.

Jericho Painting & Special Coating, Inc. v. Richardson, 838 F. Supp. 626, 627 (D.D.C. 1993).

The plaintiff has the burden of proof in a Rule 12(b)(1) jurisdictional challenge.  A lack of

jurisdiction on the face of the Complaint is sufficient basis for a motion to dismiss for lack of

subject matter jurisdiction.  Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994) (citing

Menacha v. Chrysler Credit Corp., 613 F.2d 507, 511 (11th Cir. 1980).  "A 'facial attack' on a

complaint requires the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."  Id.; see also Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir.), cert. denied, 454 U.S. 897 (1981).  As demonstrated below, applying the governing procedural and substantive law to the undisputed facts of this case yields the conclusion that Count II of plaintiff's complaint should be dismissed for lack of jurisdiction.

### B.  Summary Judgment

Summary judgment is appropriate when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994).  In determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party.  Matsushita, 475 U.S. at 587.  The mere existence of a factual dispute, however, will not defeat summary judgment.

The non-moving party must show that the dispute is genuine and material to the case. That is, the factual dispute must be capable of affecting the substantive outcome of the case and supported by sufficiently admissible evidence that a reasonable trier of fact could find for the non-moving party.  Anderson, 477 U.S. at 247-48; Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).  If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted."  Id. (citing Anderson, 477 U.S. at 249-50.  "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial[,] [and] [t]he moving party is

14

'entitled to judgment as a matter of law.'" Celotex Corp., 477 U.S. at 323 (citations omitted).

Mere conclusory allegations are not enough to survive a motion for summary judgment. Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993); Rowland v. Riley, 5 F. Supp.2d 1, 3 (D.D.C. 1998); Benn v. Unisys Corp., 176 F.R.D. 2 (D.D.C. 1997).  Likewise, an affidavit which merely recites conclusory allegations will not defeat summary judgment.  See Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").  As the Supreme Court has instructed:  "the plain language of Rule 56(c)) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## II.  The Court Lacks Jurisdiction Because the Agency's Discretionary Decision is not Subject to Judicial Review Pursuant 8 U.S.C. 1252(a)(2)(B)(ii).

Defendant moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) due to lack of subject matter jurisdiction over the discretionary denial of Plaintiffs' Application to Extend Nonimmigrant Status.  Whenever it appears that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action.  Fed. R. Civ. P. 12(h)(3).

In 1996, Congress passed legislation to reduce, and in some cases eliminate, judicial review of certain immigration-related decisions made by the former Immigration and Naturalization Service ("INS").  See Sec. 306, Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA"), Pub. L. 104-208, 110 Stat. 3009 (September 30, 1996). In particular, 8 U.S.C. 1252(a)(2)(B)(ii), "[n]otwithstanding any other provision of law," divests

the court of jurisdiction to review any "decision or action of the Attorney General the authority

for which is specified under [subchapter 2 of chapter 12 of 8 U.S.C., to wit: sections 1151-1379]

to be in the discretion of the Attorney General, other than the granting of relief under section

1158(a) of this title [asylum]."

Because some courts (not the U.S. Court of Appeals for the District of Columbia Circuit,

however) improperly found that this jurisdiction-stripping bar only applied to discretionary

decisions made during removal (deportation) proceedings, on May 11, 2005, Congress amended

8 U.S.C. 1252(a)(2)(B)(ii) to clarify that the provision barring judicial review of denials of

discretionary relief applies regardless of whether the discretionary judgment, decision, or action

is made in removal proceedings.  See section 101(f), Real ID Act of 2005, Pub. L. 109-13, Div.

B, 119 Stat. 231; see also House Conference Report 109-72 at 170 (May 3, 2005).  The Real ID

Act also added reference to the Secretary of Homeland Security consistent with the

reorganization of INS (under the Attorney General and U.S. Department of Justice) into USCIS

(under the Department of Homeland Security).  Id.  After passage of the Real ID Act in May

2005, the statute reads as follows:

> (B) Denials of discretionary relief
>
> Notwithstanding any other provision of law (statutory or nonstatutory),
> including section 2241 of Title 28, or any other habeas corpus provision, and
> sections 1361 and 1651 of such title, and except as provided in subparagraph
> (D), and regardless of whether the judgment, decision, or action is made in
> removal proceedings, no court shall have jurisdiction to review—
>
> > (i)  any judgment regarding the granting of relief under section
> > 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> > (ii) any other decision or action of the Attorney General or the
> > Secretary of Homeland Security the authority for which is specified under this

> subchapter to be in the discretion of the Attorney General or the Secretary of
> Homeland Security, other than the granting of relief under <u>section 1158(a)</u> of
> this title.

8 U.S.C. 1252(a)(2)(B).  Subsequent to the passage of the Real ID Act, the United States Court

of Appeals, District of Columbia Circuit, found that 8 U.S.C. 1252(a)(2)(B)(ii) barred judicial

review of the agency's decision to deny a "national interest waiver" of the labor certification

requirement to four Chinese medical researchers seeking immigrant ("green card") status as

workers in the United States.  <u>Zhu v. Gonzales</u>, 411 F.3d 292, 293 (D.C. Cir. 2005).  <u>See also</u>,

<u>Mahaveer, Inc. v. Bushey</u>, Civ. Action No. 04-1275 (GK)(June 19, 2006)(Recognizing a lack of

subject matter jurisdiction to decide a plaintiff's claim challenging the Agency's denial of his

application for an extension of a stay in this country.)

    In <u>Zhu</u>, the Court found that the language of the national interest waiver statute, 8 U.S.C.

1153(b)(2)(B)(i) ("the Attorney General may, when the Attorney General deems it to be in the

national interest . . ."), placed the determination in the "complete discretion" of the Attorney

General, which "calls upon his expertise and judgment unfettered by any statutory standard

whatsoever," even though the word "discretion" does not appear in the statute.  <u>Zhu v. Gonzales</u>,

411 F.3d at 295.

    By statute, "[t]he admission to the United States of any alien as a nonimmigrant shall be

for such time and under such conditions as the Attorney General may by regulation prescribe."  8

U.S.C. 1184(a)(1).  The regulations relating to applications for extensions of nonimmigrant

status clearly confer discretion on USCIS, stating that "[w]here an applicant . . . demonstrates

eligibility for a requested extension, it may be granted at the discretion of the Service."  8 C.F.R.

214.1(c)(5).  Furthermore, the regulation that makes it possible to excuse late-filed requests for

extensions of nonimmigrant status states that the failure to file a timely request "may be excused

in the discretion of the Service" only where it is demonstrated that "the delay was due to extraordinary circumstances beyond the control of the applicant" and where "the Service finds the delay commensurate with the circumstances."  8 C.F.R. 214.1(c)(4)(i).

In this case, the Plaintiffs reside in Michigan, within the jurisdiction of the United Stated Court of Appeals for the Sixth Circuit.  The Sixth Circuit has also held that the denial of a request for extension of a visa involves a decision within the discretion of the Attorney General, which federal courts lack jurisdiction to review.  CDI Information Services, Inc. v. Reno, 278 F.3d 616, 619 (6th Cir. 2002).  In CDI Information Services, Inc., the petitioning company had filed a Form I-129 seeking to employ a Mr. Prakash Vaideeswaran, who was already in the United States on an H-1B visa for a different employer, as an H-1B employee for CDI.  278 F.3d at 617-18.  INS denied the request to extend Mr. Vaideeswaran's H-1B status under the new employer based on a finding that Mr. Vaideeswaran had violated his status by engaging in unauthorized employment while he was between jobs (unauthorized employment is a separate regulatory bar to granting an extension of status, see 8 C.F.R. 214.1(e) and 214.1(c)(4)).  Id. at 618.  The Sixth Circuit found that 8 U.S.C. 1252(a)(2)(B)(ii)'s jurisdictional bar prevented the court from reviewing even this factually-based extension of status denial because the regulatory scheme for nonimmigrant visa extensions clearly confers discretion to grant such an application, and "Congress has plainly precluded review of discretionary decisions like the Service's decision to deny Mr. Vaideeswaran's visa extension."  Id. at 621.  The court noted that it was not unsympathetic to Mr. Vaideeswaran's desire to remain and work in the United States, but that it simply lacked jurisdiction to hear the complaint.  Id.

Using the same analysis the Sixth Circuit used in CDI Information Services, Inc., and following the reasoning of Zhu v. Gonzales, 411 F.3d 292 (D.C.Cir. 2005), this Court must find

that it lacks jurisdiction to hear Plaintiff's complaint because 8 U.S.C. 1252(a)(2)(B)(ii) divests

the Court of jurisdiction to review discretionary agency decisions such as the denial of an

untimely request to extend nonimmigrant status.

### III. In the Alternative, Summary Judgment is Appropriate Because the Agency's Decision to Deny Plaintiffs' Untimely Request for Extension of Nonimmigrant Status Did not Constitute a Clear Error of Judgment.

Assuming arguendo that the Court has jurisdiction under the Administrative Procedures

Act (assuming for the sake of argument that jurisdiction is not barred by 8 U.S.C.

1252(a)(2)(B)(ii)), this Agency decision would be subject to limited review.  See Republic of

Transkei v. INS, 923 F.2d 175, 176-77 (D.C. Cir. 1991).  If the APA applied here, which it does

not, it would require that the Court examine the record to ensure that the agency decision was not

arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or

unsupported by substantial evidence.  5 U.S.C. 706(2).  Under this highly deferential standard of

review, the Court would presume the validity of the agency action and must affirm unless the

agency failed to consider relevant factors or made a clear error in judgment.  LaRouche's

Committee for a New Bretton Woods v FEC, 439 F.3d 733, 737 (D.C.Cir. 2006).  The Court

cannot substitute its judgment for that of the agency and must affirm if a rational basis for the

decision exists.  Id.

Here, summary judgment should be granted because no violation of the APA has

occurred in this matter that would entitle Plaintiffs to the relief requested.  The Agency's

discretionary decision to deny Plaintiffs' untimely request for extension of status was at first

based on the fact that Plaintiffs' request to extend their visa was over 600 days late.  After the

request for reconsideration, the Agency found that Plaintiff's cultural reliance on her husband

and her husband's uncle to maintain her immigration status did not constitute an "extraordinary

circumstance" beyond Plaintiff's control that would excuse the late filing in the exercise of discretion. Applying the <u>Republic of Transkei</u> standard, it is clear that the Agency's decision considered the relevant factor of Plaintiff's claim of culturally-acceptable reliance on her spouse, and that the Agency's finding that this factor did not constitute an exceptional circumstance beyond Plaintiff's control was not a clear error.

Finally, Mrs. Mahida's I-539 filing raises the issue of "equitable tolling" based in part on her speculative assertions that denial of her application would cause her family in India to ostracize her, because they might assume her return to India was due to a break up of her marriage, and that she would be separated from her husband for 10 years.  A.R. at 19-20; 33-34. Plaintiff cites no authority for the proposition that equitable tolling has any application to her case, which arises under the immigration laws, and for which the regulation itself delimits the only circumstance in which a late filing may be excused by the Agency.  Even assuming the Court were willing to consider an equitable tolling argument in this matter and were to order the Agency to accept the late filing, the Agency would still have discretion to deny the application. 8 C.F.R. 214.1(c)(5).  In cases arising in the District of Columbia where equitable tolling is appropriate, the court will only exercise this power in "extraordinary and carefully circumscribed instances."  See Washington v. Washington Metropolitan Area Transit Authority, 160 F.3d 750, 752-53 (D.C. Cir. 1998).  The equitable tolling principles favor tolling where a defendant has engaged in affirmative misconduct, a factor not present in this case despite Plaintiff's claims that the immigration laws are so confusing that Defendants should be blamed for her failure to maintain her nonimmigrant status, and does not extend to what is at best a "garden variety claim of excusable neglect."  Id.

Plaintiff's statements that the Agency's decision to deny her untimely request for extension of her nonimmigrant H-4 status will cause her to be separated from her husband for ten years and to live shunned and alone as a shamed woman in India are unfounded.  A.R. at 19-20. At best, these statements are a highly speculative over-dramatization of Plaintiff's prospects, and at worst they are a misstatement of the law intended to arouse the sympathy of the Court.

There is no indication in the record that Immigration and Customs Enforcement ("ICE")

or any other bureau or agency responsible for immigration issues has the resources to or is, in fact, taking any action to deport or remove Plaintiff from the United States. Assuming Plaintiff decided to leave the United States on her own, she would be inadmissible to the United States for 10 years from the date of departure. There is no indication in the record that any qualifying immigrant ("green card holder") or U.S. citizen relative of Plaintiff has filed a family-based immigrant visa petition on her behalf, but if there were such a petition, Plaintiff could ask for the immigrant waiver of unlawful presence at 8 U.S.C. 1182(a)(9)(B)(v).[4] There is no indication in the record, that Plaintiff's husband has any sort of family- or employment-based immigrant ("green card") visa petition pending on his behalf.

To avoid the stigma, Mr. Y. Mahida may choose to leave his employment in the United States early and return to India to be with his family at any time. At worst, he must leave the United States, after his own visa expires on April 11, 2008, because he will have reached the 6-year limit for H-1Bs. Thus, in the highly-speculative worst case scenario, if Plaintiff could be arrested and deported by ICE tomorrow, she would be reunited with her spouse in less than 2 years when he returns to India at the end of his temporary stay as an H-1B worker. Or, Plaintiff could depart the United States at any time she wishes prior to April 11, 2008, and immediately seek to return as an H-4 with the appropriate waiver under 8 U.S.C. 1182(d)(3)(A). Accordingly, suggestions of hardship are unfounded and should be disregarded. Because there is no evidence of a clear error of judgment, the Agency is entitled to judgment as a matter of law.

---

[4] Plaintiff should take note, however, of 8 U.S.C. 1182(d)(3)(A). This section of the code permits a discretionary waiver of unlawful presence for aliens applying for nonimmigrant (temporary) visas. See also 9 Foreign Affairs Manual (Dept. of State) 40.92 N6a ("Nonimmigrants who are ineligible for a visa under [8 U.S.C. 1182(a)(9)(B)] may apply for an

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' First Amended Complaint should be dismissed with

prejudice, or alternatively, the Court should grant the Agency's Motion for Summary Judgment.

Respectfully submitted,
/s/

Dated: July 17, 2006.

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, .C. Bar No. 434122
Assistant United States Attorney


_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
Tel: (202) 305-4851
(202) 514-8780 (facsimile)

*Of Counsel:*
Elizabeth Posont, Esq.
Service Center Counsel
Nebraska Service Center
P.O. Box 82521
Lincoln, NE 68501

---

[1182(d)(3)(A)] waiver.").

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2006, I caused the foregoing Motion and attached documents to be served on Plaintiffs' counsel, Michael Piston, via electronic mail.

_____
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, NW
Civil Division
Washington, DC 20530
(202) 305-4851
(202) 514-8780 (facsimile)