UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIVYA MAHIDA, YASHRAJ MAHIDA and PRITHVIRAJ MAHIDA, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, an agency of the United States government, and PAUL M. PIERRE, Acting Director of United States Citizenship and Immigration Services' Nebraska Service Center, <br><br> Defendants | Electronic Case Filing <br><br> Civil Action No. 06-0185 (CKK) <br><br> PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT, AND IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT |

I. THIS COURT HAS JURISDICTION TO REVIEW THE DENIALS OF THE MAHIDAS' APPLICATIONS BECAUSE THEY WERE MADE ON THE BASIS OF ELIGIBILITY ISSUES WHICH DO NOT INVOLVE THE EXERCISE OF DISCRETION

The Defendants have moved to dismiss Plaintiffs' complaint on the grounds that the decision of the Director of the Nebraska Service Center (NSC

COMPLAINT - 1

Director) to deny Plaintiffs' applications for extension of their nonimmigrant status was a discretionary decision not subject to judicial review due to the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(B), citing various statutory and regulatory provision which they maintain grant the United States Citizenship and Immigration Services the discretion to approve or deny an application for extension of nonimmigrant status.

However, the issue in this case is not whether this Court has jurisdiction over the NSC's Director's decision to deny the Mahidas' extension of status in his discretion, since the Director himself never reached that issue. Rather, he held that "the Service is unable to extend the stay of an individual that is not presently maintaining a valid nonimmigrant status within the United States. Consequently, your application to extend your nonimmigrant status is no longer applicable. Your application, therefore, must be and hereby is denied." A.R. at 38.

Thus, it is the decision of the NSC Director to refuse to even consider exercising his discretion to grant (or deny) the Mahidas' application to extend their nonimmigrant status because he found them ineligible to apply for that extension for nondiscretionary reasons of law and/or fact, and not any exercise of the NSC Director's discretion which the Plaintiffs' seek reviewed. As we will now show, all 11 of the circuit courts of appeal which have reached the issue have determined that even if the ultimate decision to grant or deny a given form of relief is discretionary, a federal court still has jurisdiction to review the nondiscretionary factual and/or legal determinations upon which the USCIS determines whether a foreign national is eligible to be considered for that exercise of discretion. Since, as demonstrated below, the grounds upon which

the NSC Director found that he was unable to even consider the Mahidas' application for extension of stay were issues of law and/or fact and not in any sense discretionary, this Court certainly has jurisdiction to review them.

A. ELEVEN CIRCUITS HAVE HELD THAT THEY HAVE JURISDICTION TO REVIEW NONDISCRETIONARY ISSUES OF ELIGIBILITY FOR DISCRETIONARY RELIEF

The first Court of Appeals to consider this issue was the 9th Circuit which, faced with a petition for review of a denial of suspension of deportation from a petitioner whose case was subject to the IIRIRA transition rules, and, therefore, the court-stripping provisions of 309(c)(4)(E), (the statutory predecessor of 8 U.S.C. § 1252(a)(2)(B), providing that ""there shall be no appeal of any discretionary decision under section 212(c), 212(h), 212(i), 244, or 245 of the Immigration and Nationality Act") held that:

> "At issue in the consolidated petitions is direct judicial review of the Attorney General's discretionary decision to deny suspension of deportation under INA S 244, recodified at 8 U.S.C. S 1229(b). The plain language of IIRIRA precludes our direct review of the Attorney General's discretionary decisions. However, assessing some of the aspects of statutory eligibility for suspension of deportation requires application of law to factual determinations. As to those elements of statutory eligibility which do not involve the exercise of discretion, direct judicial review remains." Kalaw v. Immigration and Naturalization Service, 133 F.3d 1147, 1150-51 (9th Cir. 1997).

Each and every Court of Appeals except the District of Columbia has since followed the 9th Circuit on this issue in interpreting IIRIRA §309(c)(4)(E) and/or 8 U.S.C. § 1252(a)(2)(B) as not applying to elements of eligibility that do not involve the exercise of discretion. *See* Bernal-Vallejo v. Immigration and

COMPLAINT - 3

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI  48098
(248) 524-1936
michael@piston.net

Naturalization Service, 195 F.3d 56, 62 (1st Cir. 1999); Sepulveda v. Gonzales, 407 F.3d 59, 63 (2d Cir. 2005); Pinho v. Gonzales, 432 F.3d 193, 204 (3d Cir. 2005); Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001); Mireles-Valdez v. Ashcroft, 349 F.3d 213, 215-17 (5th Cir. 2003); Billeke-Tolosa v. Ashcroft, 385 F.3d 708, 711 (6th Cir. 2004); Morales-Morales v. Ashcroft, 384 F.3d 418, 421-23 (7th Cir. 2004); Ortiz-Cornejo v. Gonzales, 400 F.3d 610, 612 (8th Cir. 2005); Valdivia v. Gonzales, 423 F.3d 1144, 1149 (10th Cir. 2005) and Al Najjar v. Ashcroft, 257 F.3d 1262, 1298 (11th Cir. 2001).

It is reasonable to assume that the D.C. Circuit Court of Appeals will follow the lead of its 11 sister circuits when and if the issue reaches it, and rule that it has the jurisdiction to review denials of discretionary relief on the basis of eligibility issues which do not involve the exercise of discretion.

B. THE MAHIDAS SEEK REVIEW OF NONDISCRETIONARY ISSUES OF ELIGIBILITY FOR RELIEF, AND NOT THE DIRECTOR'S EXERCISE OF DISCRETION

Given that it has jurisdiction to review denials of discretionary relief on the basis of eligibility issues which do not involve the exercise of discretion, this Court certainly has jurisdiction over this action because the Mahidas' seek review of a denial of their applications on the grounds that they failed to meet an element of regulatory eligibility which does not involve the exercise of discretion. In fact, the NSC Director found that he was "unable" to consider the Mahidas' applications because they were not presently maintaining a valid nonimmigrant status within the U.S. and did not meet the requirements for an exception to that requirement because they did not demonstrate that their delay in filing an application for extension of stay was due to extraordinary

circumstances beyond their control.  In particular, the Director found that "reliance upon, and failure of, a third party to timely file the application do not constitute circumstances beyond the control of the applicant", A.R. at 38, and also refused to consider the time which the Mahidas could apply for an extension of nonimmigrant status tolled by Yogendrasinh Mahida's assurances that they were maintaining a lawful nonimmigrant status for the same reason. A.R. at 42.

These were  rulings by the Director on issues of law, or possibly fact, but certainly not discretion, and so, according to at least 11 circuit courts of appeal are reviewable by this Court.

II. THE PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE THE DIRECTOR'S DECISIONS REFUSING TO CONSIDER THEIR APPLICATIONS WERE IRRATIONAL, UNSUPPORTED BY SUBSTANTIAL EVIDENCE AND NOT IN ACCORDANCE WITH THE LAW

In the alternative, the Defendants request summary judgment because they claim that the NSC Director's decision withstands scrutiny under the standards established by the Administrative Procedures Act.  However, because the Director's finding that the Mahidas failed to establish extraordinary circumstances beyond their control for the late filing of their application for extension of stay  is premised upon a false assumption unsupported by the record, and the Director provided no rational explanation at all for his refusal to apply equitable tolling in this case, the APA requires that his decision be vacated.

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI  48098
(248) 524-1936
michael@piston.net

A. THE DETERMINATION THAT MR. MAHIDA'S ASSURANCES TO MRS. MAHIDA THAT SHE WAS IN A LEGAL STATUS DID NOT CONSTITUTE EXTRAORDINARY CIRCUMSTANCES BEYOND HER CONTROL BECAUSE SHE SHOULD HAVE KNOWN THAT SHE SHOULD HAVE RECEIVED A NOTICE OF APPROVAL OF AN EXTENSION OF STAY AT THE TIME THAT HE DID IS NEITHER RATIONAL NOR SUPPORTED BY SUBSTANTIAL EVIDENCE BECAUSE THERE IS NO EVIDENCE IN THE RECORD THAT MRS. MAHIDA WAS AWARE THAT MR. MAHIDA RECEIVED A NOTICE OF APPROVAL EXTENDING HIS STATUS

The Defendants assert that this Court must affirm their decision if a rational basis for it exists. Brief In Support Of Defendants Motion To Dismiss Or In The Alternative For Summary Judgment, at 19. However, it is not enough that a decision has a rational basis, that basis must be supported by substantial evidence in the record. <u>Hall v. McLaughlin</u>, 275 U.S. App. D.C. 46 (D.C. Cir. 1989) (Slip Opinion at 31-32). Here the NSC Director's September 12, 2005 decision that the Mahidas had failed to establish that their failure to file a timely application for extension of status was due to extraordinary circumstances beyond her control was based upon the assumption that Mrs. Mahida was aware that her husband had received a Notice of Approval extending his stay in the United States. However, the record fails to show that even Mr. Mahida himself received that Notice of Approval, much less that his wife was aware of it. Rather, the Notice of Approval was sent to Mr. Mahida's employer, and as Mrs. Mahida's affidavit explained, she had no knowledge at all regarding her immigration status, but simply put her faith in the assurances of her husband that everything was being taken care of.

COMPLAINT - 6

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI 48098
(248) 524-1936
michael@piston.net

As Mrs. Divya Mahida explained in her affidavit of June 5, 2005 (A.R. at 19-20), she left it entirely to her husband to make the necessary arrangements to extend her status in the U.S.. Mr. Mahida was assured by his employer that all steps were taken to extend his family's status, and he extended those assurances to his wife. A.R. at 21-22. Further, the USCIS itself is responsible for having established a system in which H-1B workers are entirely dependent upon their employers to extend their status in that the form I-129 doesn't even require the signature of an H-1B worker to apply for an extension of their status[1]. It therefore was perfectly reasonable for Mr. Yogendrashinh Mahida to accept his employer's assurances that his wife's status was being taken care of despite the fact that she had been provided no papers to sign, given the fact that he was not required to sign papers to extend his own status.

The NSC Director responded to this argument as follows:

> "Prior to your admittance to the United States *both* you and your dependents were required lo obtain a United States visa. Additionally, at the time of your admission *both* you and your dependents received an individual Form 1-94 (Arrival/Departure Record). When your principal alien received an extension of his stay a Form 1-797 Approval Notice was issued for him. At that time, or shortly thereafter, you should have been made aware that you had not received an approval notice issued in your name and that *both* you and your principal alien would have received individual Form 1-797 Approval Notices. The Service concludes, therefore, you have not demonstrated that the delay in submitting this request for an extension of stay was due to extraordinary circumstances beyond your control." (emphasis in original). A.R. at 38.

This is not a rational explanation of the denial of the Mahidas' application for extension of stay, and it is certainly not supported by

---

[1] See http://www.uscis.gov/graphics/formsfee/forms/files/I-129.pdf

Company 7    Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI  48098
(248) 524-1936
michael@piston.net

substantial evidence, because it is premised upon assertions which the NSC Director had no reason to believe were true.

First, it states that Mrs. Mahida should have been made aware that she was supposed to receive a form I-797 approval notice extending her status because "when your principal alien received an extension of his stay, a form I-797 approval notice was issued for him." But a form I-797 was not issued to Yogendrasinh Mahida. Rather, the notice of action shows that it was sent to Deniz Baser of Transnational Legal Services, P.C., the attorney for Metco Land SEA Corporation. A.R. at 26. This is part and parcel of the complete domination of the H-1B extension process by the employer which we mentioned before. There is nothing in the record to show that Yogendrasinh Mahida ever received this notice of action.

Further, even if her husband did receive a notice of approval from his employer or employer's counsel, there is no reason to believe that Mrs. Mahida even knew about it. Quite the contrary, Mrs. Mahida's affidavit states that "4. I left it entirely to my husband to make all necessary arrangements to see that I and my son, who also came with me on that date as his child, maintained a legal status in the U.S." A.R. at 19. There is nothing in her affidavit to indicate that she had any awareness whatsoever that her husband had received a form I-797, and there is no reasons for the NSC Director to assume that she would, given the fact that he sent the notice of approval not to her, or even to her husband, but in fact to her husband's employer's attorney.

Therefore the NSC Director's sole basis for finding that Mrs. Mahida failed to establish that she did not file a timely application for extension of stay due to extraordinary circumstances beyond her control obviously lacks a

COMPLAINT - 8

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI  48098
(248) 524-1936
michael@piston.net

rational basis, because it is premised upon an assertion of fact which is entirely unsupported by the record.

> B. THE NSC DIRECTOR ERRED AS A MATTER OF LAW IN REJECTING THE MAHIDAS' REQUEST TO EQUITABLY TOLL THE TIME FOR FILING THEIR APPLICATIONS FOR EXTENSION OF STATUS DUE TO MR. MAHIDA'S ERRONEOUS ASSURANCES THAT THEY WERE MAINTAINING A LEGAL STATUS IN THE U.S.

Regulatory deadlines in the area of immigration law have repeatedly held to have been equitably tolled by ineffective assistance of counsel. For example, the second circuit has held that "Because there is no evidence that Congress intended to enact a jurisdictional bar to untimely motions to reopen, we hold that the filing deadline for motions to reopen may be equitably tolled." Iavorski v. United States INS, 232 F.3d 124, 127 (2d Cir. 2000). In coming to this conclusion, it reasoned that

> "A statute of limitations may be tolled as necessary to avoid inequitable circumstances. See Bowers v. Transportacion Maritima Mexicana, S.A., 901 F.2d 258, 264 (2d Cir. 1990). Equitable tolling applies "as a matter of fairness where a [party] has been prevented in some extraordinary way from exercising his rights." Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996) (internal quotation marks omitted).
> "Not all time limitations are subject to equitable tolling. If Congress enacts a jurisdictional bar to untimely claims, equitable tolling will not apply. See Zipes v. Trans World Airlines, Inc. Indep. Fed'n of Flight Attendants, 455 U.S. 385, 393, 71 L. Ed. 2d 234, 102 S. Ct. 1127 (1982). If the time limit is contained in an ordinary statute of limitations, however, it is assumed that it is subject to equitable tolling. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95-96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990). "The basic question to be answered in determining whether . . . a statute of limitations is to be tolled, is one of legislative intent." Burnett v. New York Cent. R.R. Co., 380 U.S. 424, 426, 13 L. Ed. 2d 941, 85 S. Ct. 1050 (1965) (internal quotation marks omitted).
>
> "Because Congress ordinarily does not explicitly state whether a limitations period is "jurisdictional," the nature of a limitations period is a matter of statutory construction. See United States v. Brockamp, 519

COMPLAINT - 9

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI 48098
(248) 524-1936
michael@piston.net

U.S. 347, 350-54, 136 L. Ed. 2d 818, 117 S. Ct. 849 (1997). This inquiry begins by asking, "Is there good reason to believe that Congress did not want the equitable tolling doctrine to apply?" Id. at 350. Here, as in other situations, the silence of Congress may express a clear legislative intent. Cf. Landgraf v. USI Film Products, 511 U.S. 244, 280, 128 L. Ed. 2d 229, 114 S. Ct. 1483 (1994) (noting the "traditional presumption" [**13] that statutes will not be held to have retroactive effect "absent clear congressional intent favoring such a result").

…

"Thus, to determine whether the limitations imposed on motions to reopen in deportation proceedings are jurisdictional and therefore not subject to equitable tolling, we examine the text, structure, legislative history, and purpose of Congress's 1990 amendment to the INA. n4 There we find no indication, either explicit or implicit, that Congress intended that this limitations period not be equitably tolled. Our conclusion is supported by the Department of Justice's own interpretation of its rule making mandate from Congress, and the BIA's view of the rules that were promulgated."

232 F.3d at 129-130.

The second circuit went on to note that the legislative history of the adoption of time limits on motions to reopen indicated that these limits were not intended to be inflexible and, in particular, it noted that the Department of Justice's regulations implementing these statutory provisions "also offered mechanisms whereby otherwise untimely motions could still be considered when circumstances so required." 232 F.3d at 131. Ultimately it concluded that "Because there is no evidence that Congress intended to enact a jurisdictional bar to untimely motions to reopen, the limitations period for such motions may be equitably tolled to accommodate claims of ineffective assistance of counsel." 232 F.3d at 135.

COMPLAINT - 10

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI  48098
(248) 524-1936
michael@piston.net

Application of this reasoning to applications for extension of status demonstrates that there are even stronger reasons for applying equitable tolling here. Unlike motions to reopen, for which Congress expressly required that the Attorney General establish time limits, the Immigration and Nationality Act merely states that "The admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe," 8 U.S.C. § 1184(c).

Further, those regulations expressly provide that the requirement that a nonimmigrant file a timely application for extension of status may be waived under the circumstances set forth in 8 C.F.R. § 214.1(c)(4). Accordingly, equitable tolling applies to this deadline, as it applies to any other deadline which Congress has not made jurisdictional. *Accord* <u>Lopez v. INS</u>, 184 F.3d 1097, 1100 (9th Cir. 1999) (equitable tolling of a motions to reopen proceedings after an *in absentia* deportation order when ineffective assistance of counsel resulted in the untimely filing of the motion), <u>Mahmood v. Gonzales</u>, 427 F.3d 248, 252 (3d Cir. 2005)(ineffective assistance of counsel equitably tolled motion to reopen deadline).

Certainly an attorney who assured his client that she was in a legal status for years after her status expired would be guilty of ineffective assistance of counsel. *See* <u>Matter of Grijalva</u>, Interim Decision 3284 (BIA 1996)(holding that an attorney who wrongly told his client not to attend a removal hearing provided ineffective assistance of counsel). Surely a wife should be as much able to rely upon the representations of her husband as a client may upon his attorney's, particularly under the circumstances of Indian culture in which a

COMPLAINT - 11

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI 48098
(248) 524-1936
michael@piston.net

wife is expected to defer entirely to her husband in matters outside the home. A.R. at 39-40.

The NSC Director did not even respond to this argument, but simply repeated that "reliance upon, and failure of, a third party to timely file the application do not constitute circumstances beyond the control of the applicant. Reliance upon the spouse was not the only option available to the applicant." A.R. at 42. This is hardly a reasoned response to Mrs. Mahida's argument. See Dickson v. Secretary of Defense, 314 U.S. App. D.C. 345 (D.C. Cir. 1995) ("Here, the boilerplate language used by the Board makes it impossible to discern the Board's "path." All three petitioners had alcohol-related problems which contributed to their discharges, and thus had some reason to hope that the Army's current, more favorable, standards for dealing with alcoholism might justify an upgrade in their status. Although the Board in each case briefly recited the facts alleged by petitioners, and then found that a waiver would not be in the interest of justice, it omitted the critical step-- connecting the facts to the conclusion.") (footnotes omitted). The Director's decision here is just as conclusory than the Secretary's in *Dickson*. At least there the Secretary summarized the plaintiff's argument to show he understood it. Here the Director simply dismissed it.

Further, this Circuit has indicated that equitable tolling of a deadline may be available under two circumstances which are both applicable here: 1) when extraordinary circumstances beyond the applicant's control make it impossible to comply with the deadline, or 2) where an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary. United States v. Pollard, 367 U.S. App. D.C. 386 (D.C. Cir. 2005)(slip opinion at 19-21).

COMPLAINT - 12

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI 48098
(248) 524-1936
michael@piston.net

Both exceptions are applicable here, if not directly, then by analogy. Mr. Mahida's assurances to his wife that she was in a legal status under the circumstances of this case, including the complete de facto control over the H extension process vested by USCIS procedure in the employer and the unique position of authority and trust given by a wife to her husband in Indian culture, particularly a wife such as Mrs. Mahida who was entirely new to the United States and utterly unfamiliar with its complex immigration system, represent extraordinary circumstances beyond her control.  These circumstances prevented her from timely filing an application for extension of stay because she quite literally had no clue in the world that one was needed. Further, the trust Mrs. Mahida placed in her husband was certainly just as high as that which a client can be expected to place in legal counsel, which makes the circumstances which gave rise to a betrayal of that trust just as outrageous as those arising attorney malfeasance.

Accordingly, equitable tolling should have been applied to toll the deadline for filing the Mahidas applications for extension of stay to a reasonable time after they learned that they were no longer in a legal status.

RELIEF REQUESTED

We agree with the Defendants that even if the time for filing of the Mahidas' applications were equitably tolled, the NSC Director would have had the discretion to deny their application anyway. Brief In Support Of Defendants Motion To Dismiss Or In The Alternative For Summary Judgment,  at 21. The sole relief we are seeking from this Court is to remand this case to the NSC

COMPLAINT - 13

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI  48098
(248) 524-1936
michael@piston.net

1 Director with instructions that he should exercise his discretion to approve or
2 deny their applications.  It bears reemphasizing that the NSC Director denied
3 the Mahidas application for extension of status because he found that he was
4 "unable" to consider it, not that he declined to do so as a matter of discretion.
5     Accordingly, this Court should vacate the NSC Director's decision
6 denying the Mahidas applications for extension of status, and remand this case
7 to the NSC Director with the instruction to exercise his discretion to either
8 grant or deny the applications.

Dated this 17th day of August, 2006

Michael E. Piston
Michael E. Piston, P.C.

4000 Livernois Ste 110
Troy, MI 48098
Phone: 248-524-1936
Fax: 248-928-0340
e-mail: michael@piston.net

### CERTIFICATE OF SERVICE

I certify that on this 17th day of August, 2006, I caused the following documents to be served on Defendants' counsel, MERCEDEH MOMENI, via electronic mail:

1. PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT

COMPLAINT - 14

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI  48098
(248) 524-1936
michael@piston.net

2. PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE
3. PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT, AND IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

Michael E. Piston
Michael E. Piston, P.C.

4000 Livernois Ste 110
Troy, MI 48098
Phone: 248-524-1936
Fax: 248-928-0340
e-mail: michael@piston.net

COMPLAINT - 15

Michael E. Piston, P.C.
4000 Livernois, Suite 110
Troy, MI  48098
(248) 524-1936
michael@piston.net