UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIVYA MAHIDA, et. al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Electronic Case Filing |
| | ) 06-cv-0185 (CKK) |
| | ) |
| UNITED STATES CITIZENSHIP AND | ) |
| IMMIGRATION SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY
JUDGMENT, AND IN OPPOSITION TO PLAINTIFFS'
CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendants United States Customs and Immigration Service, ("USCIS" or the "agency") and Paul M. Pierre, Director of the Nebraska Service Center, in his official capacity, through and by undersigned counsel, hereby submit this Reply in Support of their Motion To Dismiss, or in the Alternative for Summary Judgment, and in Opposition to Plaintiffs' Cross Motion for Summary Judgment ("MTD"). Defendants incorporate, by reference, the factual summary and arguments made in their opening brief.

**Argument**

In response to Defendants' MTD, Plaintiffs claim that the decision to deny the late-filed application for extension of nonimmigrant stay is an issue of law and/or fact rather than a discretionary decision, thus granting the Court jurisdiction to review the matter. In support of this argument, Plaintiffs cite 11 cases (one from each Circuit outside the District of Columbia) for the proposition that despite the jurisdictional bar at 8 U.S.C. §1252(a)(2)(B), the Courts may

still review elements of eligibility that do not involve the exercise of discretion. However, Plaintiffs do not offer the court any analysis or a discussion of the facts of these 11 cases. Plaintiffs also fail to explain how the holding of these cases inform the present matter. Further, Plaintiffs do not address the relevant cases cited by Defendants -- Zhu v. Gonzales, 411 F.3d 292 (D.C. Cir. 2005)(no jurisdiction to review finding that alien's admission to the United States is "in the national interest") and CDI Information Services, Inc. v. Reno, 278 F.3d 616 (6th Cir. 2002)(no jurisdiction to review wholly discretionary extension of nonimmigrant stay application).

      The 11 cases cited by Plaintiffs all involve a statutory form of relief from deportation called cancellation or suspension of removal. The statute at issue in those cases, and its predecessor statute, make it possible for an immigration judge to grant lawful permanent resident ("green card") status to an alien who can establish 1) a certain number of years of "continuous physical presence" in the United States, 2) good moral character, and 3) that deportation or removal of the alien would result in extreme hardship. See 8 U.S.C. § 1229b(b). All the cases cited by Plaintiffs stand for the proposition that decisions on statutory eligibility, and factual determinations relating thereto, may be reviewed by the courts. For example, these cases hold that the calculation of the number of years of continuous physical presence, and a determination whether certain statutory good moral character definitions apply, can be reviewed. However, pursuant to the holding in these cases discretionary determinations such as whether an alien has generally demonstrated good moral character, or has demonstrated "extreme hardship," are barred from judicial review by 8 U.S.C. 1252(a)(2)(B) or its predecessor transitional rule. See Kalaw v. INS, 133 F.3d 1147, 1152 (9th Cir. 1997) ("Determination of the third statutory requirement, "extreme hardship," is clearly a discretionary act."); Bernal-Vallejo v. INS, 195

F3d 56 (1st Cir. 1999)(same); Okpa v. INS, 266 F.3d 313 (4th Cir. 2001)(same); Sabido-Valdivia v. Gonzales, 432 F.3d 1144 (10th Cir. 2005)(same); Najjar v. Ashcroft, 257 F.3d 1262 (11th Cir. 2001)(same); Sepulveda v. Gonzales, 407 F.3d 59 (2d Cir. 2005)(whether a particular conviction constitutes a statutory bar to a showing of good moral character is reviewable); Pinho v. Gonzales, 432 F.3d 193 (3d Cir. 2005)(same); Mireles-Valdez v. Ashcroft, 349 F.3d 213 (5th Cir. 2003)(whether a particular departure from the United States interrupted continuous physical presence is reviewable); Morales-Morales v. Ashcroft, 384 F.3d 418 (7th Cir. 2004)(same); Ortiz-Cornejo v. Gonzales, 400 F.3d 610 (8th Cir. 2005)(same); Billeke-Tolosa v. Ashcroft, 385 F.3d 708 (6th Cir. 2004)(due process violation in considering an unproven criminal allegation as an adverse factor in making a good moral character determination may be reviewed).

Unlike the cancellation/suspension cases cited by Plaintiffs, in this case there is no statutory framework for the non-immigrant extension of stay procedure other than a broad grant of authority to the Secretary of the Department of Homeland Security to create regulations to control nonimmigrant admissions. 8 U.S.C. § 1184(a)(1). The relevant regulation states that an alien must file a request for extension of nonimmigrant stay before the previously accorded status expires. 8 C.F.R. § 214.1(c)(4). There is an exception whereby the agency may accept a late-filed request for extension of stay if the alien demonstrates that the delay was due to extraordinary circumstances beyond the alien's control. Id. This finding is more like the finding of "extreme hardship" or "national interest" that courts have found to be discretionary than it is like the statutory finding that an alien qualifies for cancellation of removal by a showing of a certain number of years of continuous physical presence in the United States.

The cases cited by Plaintiffs in support of their argument that the agency's decision in their case is an issue of law and/or fact are inapposite, and in fact, the cases support the agency's

position that the adjudications of nonimmigrant extensions of stay under a regulation that provides a late-filing exception for "extraordinary circumstances" is wholly discretionary. See e.g. <u>Bernal-Vallejo v. INS</u>, 195 F.3d 56, 63 (1st Cir. 1999)("extreme hardship" is a discretionary decision barred from judicial review); <u>Okpa v. INS</u>, 266 F.3d 313, 317 (4th Cir. 2001)(the determination of statutory requirement of "extreme hardship" in the context of a waiver under 8 U.S.C. 1182(i) is committed to the discretion of the agency because the statute uses the word "may," thus there is no judicial review available); <u>Kalaw v. INS</u>, 133 F.3d 1147, 1152 (9th Cir. 1997)(determination of statutory requirement of "extreme hardship" in suspension of deportation context is clearly a discretionary act for which judicial review is unavailable); <u>Sabido-Valdivia v. Gonzales</u>, 423 F.3d 1144, 1148 (10th Cir. 2005)(court lacks jurisdiction to review a discretionary agency decision that applicant has failed to demonstrate extreme hardship); <u>Najjar v. Ashcroft</u>, 257 F.3d 1262, 1298 (11th Cir. 2001)(the determination of extreme hardship is a discretionary decision that is insulated from judicial review).

Plaintiffs' remaining arguments, regarding equitable tolling and whether the agency's decision was arbitrary and capricious, have been fully discussed by Defendants in their opening brief and no further response is necessary. <u>See</u> opening brief on equitable tolling, and arbitrary and capricious decisions at 21-22 and 19-20, respectively.

**Conclusion**

For all the foregoing reasons, Defendant's Motion to Dismiss or in the Alternative for Summary Judgment should be granted and Plaintiff's Cross Motion for Summary Judgment should be denied.

Respectfully submitted,

Dated: September 12, 2006.

/s/
_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, .C. Bar No. 434122
Assistant United States Attorney


_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
Tel: (202) 305-4851
(202) 514-8780 (facsimile)

*Of Counsel:*
Elizabeth Posont, Esq.
Service Center Counsel
Customs and Immigrations Services
Nebraska Service Center
P.O. Box 82521
Lincoln, NE 68501

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of September, 2006, I caused to be served, by the Court's Electronic Case Filing System, a true and correct copy of the above *Defendant's Reply in Support of their Motion to Dismiss or in the Alternative for Summary Judgment and Opposition to Plaintiffs' Cross Motion for Summary Judgment* on counsel of record.

/s/
_____
MERCEDEH MOMENI
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 305-4851