UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIVYA MAHIDA, YASHRAJ MAHIDA, &
PRITHVIRAJ MAHIDA,

   Plaintiffs,

   v.

UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES, *et al.*,

   Defendants.

Civil Action No. 06–185 (CKK)

**MEMORANDUM OPINION**
(November 28, 2006)

     Plaintiffs, Divya Mahida, Yashraj Mahida, and Prithviraj Mahida, all citizens of India, bring this action pursuant to the Administrative Procedure Act ("APA") (5 U.S.C. § 702), seeking review of the denial of their application to legally extend their nonimmigrant status in the United States by Paul M. Pierre, Director of the Nebraska Service Center ("NSC") of the United States Citizenship and Immigration Services ("USCIS").  Plaintiffs, dependents of the holder of an H-1B nonimmigrant worker visa, allege that denial of their application was "an abuse of discretion, arbitrary and capricious and not in accordance with the law," and therefore should be reversed.  Am. Compl. ¶ 42.  On July 17, 2006, Defendants filed a [7] Motion to Dismiss, or in the Alternative, [8] Motion for Summary Judgment, arguing in part that the Court lacks jurisdiction over Plaintiffs' claims.  *See generally* Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (hereinafter, "Defs.' Mot. to Dismiss").  On August 17, 2006, Plaintiffs filed an Opposition.  On September 12, 2006, Defendants filed a Reply.  After considering the aforementioned filings and the relevant statutes and case law, the Court shall

GRANT Defendants' Motion to Dismiss, as the Court does not have subject matter jurisdiction over Plaintiffs' claims.

## I:  BACKGROUND

Yogendrasinh Mahida, husband of Plaintiff Divya Mahida and father of Plaintiffs Yashraj and Prithviraj Mahida, was issued an H-1B nonimmigrant worker visa (approved on or about December 14, 2001) which had been filed on his behalf by a United States company called BL. Statement of Material Facts Not in Genuine Dispute ("Statement of Facts") ¶ 1.[1]  Mr. Mahida's initial visa approval was valid until October 20, 2003.  *Id.* ¶ 3.  Shortly thereafter, Plaintiffs successfully applied for nonimmigrant H-4 visas, which allow dependents of an H-1B nonimmigrant to enter the United States for the same period and subject to the same restrictions as the holder of the H-1B visa.  *Id.* ¶¶ 4–7.  Plaintiffs' H-4 visas were valid for admission to the United States until October 20, 2003.  *Id.* ¶ 7.

On April 11, 2002, Mr. Mahida and Plaintiffs were admitted to the United States at New York City.  *Id.* ¶ 8.  Upon arrival, Plaintiffs were issued Forms I-94 reflecting their status as H-4 nonimmigrants and indicating that Plaintiffs were authorized to stay in the United States until October 20, 2003.  *Id.* ¶¶ 9, 10.  A Form I-94 includes the following statement: "You are authorized to stay in the U.S. only until the date written on this form.  To remain past this date, without permission from immigration authorities, is a violation of the law."  *See id.* ¶ 10; *see also* 8 C.F.R. § 214.1(a)(3)(ii) ("At the time of admission or extension of stay, every nonimmigrant

---

[1] Plaintiffs do not dispute any of the facts set forth in Defendants' "Statement of Material Facts not in Genuine Dispute" that the Court relies upon in this Opinion.  *See* [13] Plaintiffs' Response to Defendants' Statement of Material Facts Not In Genuine Dispute at 1 ("Plaintiffs admit that the facts recited in Defendants' Statement Of Material Facts Not In Genuine Dispute are not in material dispute.").

alien must also agree to depart the United States at the expiration of his or her authorized period of admission or extension of stay . . . .").

After the Mahidas entered the United States, the company of Mr. Mahida's uncle, Metco Land S.E.A. Corporation, filed an I-129 Petition for Nonimmigrant Worker on Mr. Mahida's behalf. Statement of Facts ¶ 12. This I-129 Petition was approved on or about September 11, 2002, permitting Mr. Mahida to change employers and work for Metco Land S.E.A. Corporation until July 10, 2005, as an H-1B worker. *Id.* Metco Land S.E.A. Corporation filed a second I-129 on Mr. Mahida's behalf on June 20, 2005, which was approved on or about September 1, 2005, allowing him to continue working for Metco Land S.E.A. Corporation in the United States until April 11, 2008. *Id.* ¶ 13.

Also on June 20, 2005, nearly two years after their H-4 status had expired on October 20, 2003, Plaintiffs filed an untimely Form I-539 to extend their nonimmigrant status. *Id.* ¶ 14. Their application indicated that Plaintiff Divya Mahida had relied upon her husband's assurances that Plaintiffs' legal status was not in jeopardy, and that this reliance constituted "extraordinary circumstances" beyond Plaintiffs' control excusing their failure to timely file for a status extension. Am. Compl. ¶ 23. Following denial of Plaintiffs' application on September 2005, Plaintiffs filed a motion to reopen the denial of their applications on the grounds that Plaintiff Divya Mahida's reliance on her husband's representations equitably tolled Plaintiffs' authorized status until a reasonable time following their learning of the falsity of said representations. *Id.* ¶ 26; Defs.' Mot. to Dismiss at 7. While Defendant Pierre, in his capacity as Director of the Nebraska Service Center of the USCIS, granted Plaintiffs' motion to reopen the denial of their application, he ultimately reaffirmed his decision denying their requests for extension of stay on

December 20, 2005. Am. Compl. ¶ 27. Plaintiffs subsequently filed the instant action on February 1, 2006.

## II: LEGAL STANDARD

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule 12(b)(1). In general, a motion to dismiss under Federal Rule of Civil Procedure 12(b) should not prevail "unless plaintiffs can prove no set of facts in support of their claim that would entitle them to relief." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). A court may appropriately dispose of a case under 12(b)(1) for standing, and may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Artis v. Greenspan*, 223 F. Supp. 2d 139, 152 n.1 (D.D.C. 2002) ("A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject matter jurisdiction."); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) ("where a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment") (citing *Greenberg v. The Life Ins. Co. of Virginia*, 177 F.3d 507, 515 (6th Cir. 1999)). At the stage in litigation when dismissal is sought, the plaintiff's complaint must be construed liberally, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). In spite of the favorable inferences that a plaintiff receives on a motion to

dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

### III:  DISCUSSION

Defendants argue that the Court lacks subject matter jurisdiction over the instant matter pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii). Defs.' Mot. to Dismiss at 15. Pursuant to 8 U.S.C. § 1252(a)(2)(B), as amended in 2005:

> (B)  Denials of discretionary relief
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
>> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B). The referenced subchapter is Subchapter II of Chapter 12 of Title 8 (hereinafter, "Subchapter II"), including sections 1151 through 1378.

Plaintiffs' request for extension of their H-4 nonimmigrant status and Defendants' denial thereof falls within the statutory framework set forth in 8 U.S.C. § 1184(a)(1), which states that "[t]he admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe . . . ." 8 U.S.C. § 1184(a)(1). The relevant implementing regulation with respect to Plaintiffs' request for extension of nonimmigrant status states: "Where an applicant or petitioner demonstrates eligibility for a requested extension, it may be granted at the discretion of the Service. There is

no appeal from the denial of an application for extension of stay filed on Form I-129 or I-539." 8 C.F.R. § 214.1(c)(5). Plaintiffs' *untimely* request for an extension of stay further falls within the rubric of 8 C.F.R. § 214.1(c)(4), which states that "[a]n extension of stay may not be approved for an applicant who failed to maintain the previously accorded status or where such status expired before the application or petition was filed, except that failure to file before the period of previously authorized status expired may be excused in the discretion of the Service and without separate application, with any extension granted from the date the previously authorized stay expired, where it is demonstrated at the time of filing that: (i) The delay was due to extraordinary circumstances beyond the control of the applicant or petitioner, and the Service finds the delay commensurate with the circumstances . . . ." 8 C.F.R. § 214.1(c)(4). The Court notes that 8 U.S.C. § 1184(a)(1) is included in Subchapter II, and that 8 C.F.R. § 214.1 (including its subsections) is an implementing regulation thereto. As such, 8 U.S.C. § 1252(a)(2)(B)(ii) would preclude judicial review of the Attorney General's decision with respect to the admission of any alien as a nonimmigrant "for such time and under such conditions . . . prescribe[d]," including any extensions of stay, if the Court finds such a decision to be "in the discretion of the Attorney General or the Secretary of Homeland Security," as defined by 8 U.S.C. § 1252(a)(2)(B)(ii).

While certain prior cases held that 8 U.S.C. § 1252(a)(2)(B)(ii)'s jurisdictional bar applied only in the limited circumstances of deportation, removal, or exclusion, see *Evangelical Lutheran Church in America v. Immigration and Naturalization Service*, 288 F. Supp. 2d 32 (D.D.C. 2003) (narrowly construing 8 U.S.C. § 1252(a)(2)(B)(ii) to apply only to challenges involving deportation, removal, or exclusion proceedings), the passage of the Real ID Act of 2005 expressly broadened the application of 8 U.S.C. § 1252(a)(2)(B)(ii) to all applicable USCIS

6

actions. Congress clarified that the jurisdictional bar created by 8 U.S.C. § 1252(a)(2)(B)(ii) applied "regardless of whether" the challenge to USCIS action concerned "removal proceedings." Real ID Act of 2005, Pub. L. No. 109-13, § 101(f), 119 Stat. 231, 305 (2005); *see also* H.R. Rep. No. 109-13, at 170 (2005) (Conf. Report) ("Subsection 101(f) would amend subparagraph 242(a)(2)(B) of the INA by clarifying that the provision barring judicial review of denials of discretionary relief applies regardless of whether the discretionary judgment, decision, or action is made in removal proceedings."). This change is reflected in the amended language of 8 U.S.C. § 1252(a)(2)(B), which states that no court shall have jurisdiction to review the delineated discretionary decisions "regardless of whether the judgment, decision, or action is made in removal proceedings[.]" 8 U.S.C. § 1252(a)(2)(B).

The United States Court of Appeals for the District of Columbia recognized the application of the jurisdictional bar created via 8 U.S.C. § 1252(a)(2)(B) beyond the removal context in *Zhu v. Gonzales*, 411 F.3d 292 (D.C. Cir. 2005). In *Zhu v. Gonzales*, this circuit held that 8 U.S.C. § 1252(a)(2)(B)(ii) precluded jurisdiction over a challenge to the Attorney General's decision to deny a waiver of labor certification requirements for a work visa, concluding that the Attorney General's decision was discretionary. The court held that the explicit existence or absence of the word "discretion" in the considered statute is not dispositive. *Id.* at 294-95. Rather, the court reasoned that the Attorney General's "complete discretion" may be established where (1) application of the Attorney General's "expertise and judgment [is] unfettered by any statutory standard whatsoever," and (2) the Attorney General "may," not *must*, grant a particular request. *Id.* at 295-96.

While this circuit has not applied the analysis it set forth in *Zhu v. Gonzales* directly to 8 U.S.C. § 1184(a)(1), the Sixth Circuit and decisions from the instant district and the Southern District of New York all explicitly held that 8 U.S.C. § 1184(a)(1) grants complete discretion to the Attorney General[2] such that judicial review is precluded by 8 U.S.C. § 1252(a)(2)(B)(ii). *See CDI Info. Servs., Inc. v. Reno*, 278 F.3d 616 (6th Cir. 2002) (upholding the district court's determination that it lacked subject matter jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii) to review denial of a petition for extension of an H-1B nonimmigrant visa, a decision which was governed by 8 U.S.C. § 1184(a)(1) and 8 C.F.R. § 214.1(c)(5)); *Mahaveer, Inc. v. Bushey*, Civ. No. 04–1275, [24] slip. op. (D.D.C. June 19, 2006) (applying the reasoning set forth in *Zhu* in determining that 8 U.S.C. § 1252(a)(2)(B)(ii) precluded judicial review of a regional service center's decision (governed by 8 U.S.C. § 1184(a)(1) and 8 C.F.R. § 214.1(c)(5)) to deny an application for extension of stay as an L-1A intra-company transferee nonimmigrant); *Blacher v. Ridge*, 436 F. Supp. 2d 602, 606 (S.D.N.Y. 2006) (holding that the court lacked jurisdiction to review denial of an H-1B nonimmigrant visa. "[T]he language of 8 U.S.C. § 1184(a)(1) . . . clearly grants discretion to the Attorney General in these cases to determine whether the conditions for the visa have been met.").

This Court agrees that an assessment of the language of 8 U.S.C. § 1184(a)(1) and its implementing regulations as relevant to this case precludes judicial review of Defendants' decision to deny Plaintiffs' request for extension of their nonimmigrant H-4 status. Pursuant to 8 U.S.C. § 1184(a)(1), "[t]he admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions *as the Attorney General may by regulations prescribe*

---

[2] The Attorney General's authority and discretion may of course be delegated to the USCIS and its regional service centers. *See* 8 C.F.R. § 2.1; *see also Zhu*, 411 F.3d at 294.

. . . ." 8 U.S.C. § 1184(a)(1).  The plain language of the statute confers upon the Attorney General the power to dictate the time period for which a nonimmigrant may be admitted to the United States via implementing regulations.  The language of 8 U.S.C. § 1184(a)(1) contains no evaluative factors for the Attorney General's consideration and simply provides no basis under which this Court could evaluate the legality of actions taken pursuant to this provision.  *See Zhu*, 411 F.3d at 295 (finding discretionary authority where decisions are made "unfettered by any statutory standard"); *see also Heckler v. Chaney*, 470 U.S. 821, 830, 105 S. Ct. 1649, 84 L. Ed.2d 714 (1985) ("[R]eview is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.").  With respect to the regulations at issue, it is crystal clear that requests for extension which "*may* be granted at the *discretion* of the Service," see 8 C.F.R. § 214.1(c)(5)*, and untimely requests for extension such as those at issue in this case which "*may* be excused in the *discretion* of the Service" see 8 C.F.R. § 214.1(c)(4), confer complete discretion upon the Attorney General and his delegates.

Plaintiffs laundry-list of case citations purporting to demonstrate why this Court should exercise jurisdiction over this case (without including so much as a parenthetical) are inapposite.  *See* Pls.' Opp'n at 3-4.  Nine of the eleven[3] cited cases appear to pertain to judicial review over petitions for relief from deportation pursuant to 8 U.S.C. § 1229b(b) (or its predecessor

---

[3]  The other two cases cited by Plaintiffs provide no better support for their proposition. *See Pinho v. Gonzales*, 432 F.3d 193, 204 (3d Cir. 2005) (holding that denial of an application for adjustment of immigration status to "permanent resident" based on a vacated state conviction purportedly making the applicant "inadmissible" was reviewable, because a "determination of *eligibility* for adjustment of status–unlike the *granting* of adjustment itself" is a "purely legal question . . . ."); *Okpa v. INS*, 266 F.3d 313, 317 (4th Cir. 2001) ("The question of whether an alien can show extreme hardship is committed to the Attorney General's discretion by statute."). The instant case, however, does not hinge on a determination of Plaintiffs' legal eligibility for relief, but rather on Defendants' discretionary decision not to provide such relief for Plaintiffs.

transitional rules) and/or related requests for adjustment of status. Pursuant to 8 U.S.C. § 1229b(b):

> The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien–
>
> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
> (B) has been a person of good moral character during such period;
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b). Most circuit courts have held that an immigration judge's factual determinations with respect to an alien's continuous physical presence in the United States as well as certain criteria-based assessments of good moral character are reviewable, whereas more general determinations of good moral character and determinations with respect to the existence of extreme hardship are not reviewable. *See* Defs.' Reply at 2-3; *see, e.g., Bernal-Vallejo v. INS*, 195 F.3d 56, 63 (1st Cir. 1999) (determination of whether "extreme hardship" exists is not reviewable); *Sabido-Valdivia v. Gonzales*, 423 F.3d 1144, 1149 (10th Cir. 2005) (determinations with respect to continuity of physical presence are reviewable); *Najjar v. Ashcroft*, 257 F.3d 1262, 1297-99 (11th Cir. 2001) (determinations with respect to continuous physical presence are reviewable as non-discretionary, while determinations with respect to the existence of "extreme hardship" are not reviewable). However, unlike 8 U.S.C. § 1229b(b), neither 8 U.S.C. § 1184(a)(1) nor 8 C.F.R. § 214.1(c)(5) provide any statutory factors for consideration by which the Court could assess the Attorney General's discretionary decisions with respect to

nonimmigrant status.  Also unlike 8 U.S.C. § 1129b(b), 8 C.F.R. § 214.1(c)(4) explicitly states that the Service has *discretion* to approve or deny an untimely request for extension.  Furthermore, the factor of 8 C.F.R. § 214.1(c)(4) put at issue by Plaintiffs in the instant case–whether Plaintiffs' delay was "due to extraordinary circumstances beyond the control of the applicant or petitioner, and the Service finds the delay commensurate with the circumstances," is unlike the factual determinations or legal conclusions found to be reviewable in the cases cited by Plaintiffs, and instead is directly analogous to the discretionary determination regarding extreme hardship found to be unreviewable in the 8 U.S.C. § 1229b(b) context.

This Court concludes that pursuant to 8 U.S.C. § 1184(a)(1) and its implementing regulations, the Attorney General and his delegates have unfettered discretion over Plaintiffs' untimely request for extension of their H-4 nonimmigrant status.  As such, Defendants' denial of Plaintiffs' request is discretionary within the meaning of 8 U.S.C. § 1252(a)(2)(B), and this Court lacks jurisdiction to adjudicate Plaintiffs' claims.  As the Court lacks jurisdiction over this case, it shall not engage in a review of the merits of Plaintiffs' claims under the APA.

## IV:  CONCLUSION

For the reasons set forth above, the Court shall GRANT Defendants' [7] Motion to Dismiss and consequently DENY AS MOOT Defendants' Alternative [8] Motion for Summary Judgment.  The Court shall DISMISS the instant case.  An appropriate Order accompanies this Memorandum Opinion.

Date:   November 28, 2006

                                           */s/*
                                     COLLEEN KOLLAR-KOTELLY
                                     United States District Judge